COMMONWEALTH *vs.* JAMES IRWIN.

On the trial of an indictment, the omission of any direct testimony to the time of the commission of the offence, except a statement of the principal witness for the Commonwealth that he thinks it was committed on a certain day, which was in fact after the finding of the indictment, does not entitle the defendant to a ruling that there is no evidence to warrant a conviction, if there is other evidence, tending to identify the offence testified to with the offence charged, and sufficient to warrant the jury in finding that the witness was mistaken in time, and that it was committed before the indictment was found.

INDICTMENT found and returned at June term 1869 of the superior court, charging that the defendant on the 26th of December last past stole four hides, being raw skins of beeves, of the property of Myron D. Ballou, at Williamsburg. Trial at June term 1871, before *Pitman,* J., who allowed the following bill of exceptions :

"At the trial, the principal witness for the Commonwealth, Myron D. Ballou, testified that he saw the defendant (in the latter part of December 1869, 'I should think ') come towards his market in Haydenville, about nine o'clock in the evening, from the direction of a pile of hides, and that as he came up to him he dropped a hide and said it was nothing but boy's play ; that the hide was one taken from the pile of hides, and had been carried some three or four rods ; that he discovered on the same day that three or four of the hides in a pile near the shed a few rods from the market had been drawn out from the pile and laid by themselves ; that the defendant had no horse ; that it was a bright moonlight night, and he could see clearly quite a distance ; that there did not appear to be any attempt at evasion ; and that the hides were those of beeves.

"Simeon C. Smith, in the employ of the last witness at the time, testified that he was in the market at the time the defendant passed by on the night in question, but did not see him with the hide, and saw the hide there on the ground ; did not recollect

the time this took place; saw the defendant afterwards, and he said he had no notion of stealing this hide, and it was mere boy's play; said to him that it was not much boy's play; and he said, 'If you will let it drop, Monday morning I will come and settle with you.'

" This was substantially all the evidence of the Commonwealth. The defendant requested the judge to rule that, as a matter of law, there was no evidence to warrant a conviction of the defendant of the offence charged in the indictment; and the judge refused so to rule. No request was made for any ruling as to the time of the alleged offence; no other request whatever for ruling was made than as above stated; nor was the attention of the court or the district attorney called by the defendant's counsel to the discrepancy between the time stated by the witness and the time of finding the indictment or the time stated in the indictment, until after the jury had returned their verdict. The judge instructed the jury as to what constituted the crime of larceny, in a manner not objected to. The case was submitted to the jury without argument, and they returned a verdict of guilty. The defendant excepted to the refusal so to rule as requested; and the indictment is made part of the case."

*W. Allen & D. W. Bond*, for the defendant. 1. The defendant could not legally have been convicted of the offence charged, and the judge should have so ruled; for the offence (if any) proved was committed after the finding of the indictment.

2. The point was covered by the ruling requested. The defendant's counsel were not asked to state the grounds upon which their request was based.

*C. Allen*, Attorney General, for the Commonwealth.

MORTON, J. This is an indictment for a larceny of four hides alleged to have been committed on the 26th of December 1868. It was returned into the superior court at the June term 1869. The principal witness of the government testified to circumstances tending to show the larceny of hides by the defendant as alleged in the indictment, but fixed the time as "the latter part of December 1869." Another witness testified to circumstances corroborating the first, but stated that he could not recollect the time. The trial was at June term 1871.

We think the presiding judge was right in refusing to order a verdict of acquittal. There was competent evidence tending to show that the defendant committed the offence charged in the indictment. The fact that one of the witnesses fixed the time at a date subsequent to the finding of the indictment, is not conclusive. There were other facts and circumstances, tending to identify the offence testified to with the offence charged, and it was for the jury to say whether the witness fixed the wrong date by accident or mistake. Under the instructions, they must have found that the larceny was committed prior to the finding of the indictment, and that the witness inadvertently or by mistake fixed the wrong date. *Exceptions overruled.*